UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 26 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA )
)
)
)
) Criminal No. 72-1328 (RCL)
v. )
)
EUGENE J. CUNNINGHAM, )
           Defendant/Petitioner )
)

## MEMORANDUM & ORDER

Petitioner Eugene J. Cunningham, proceeding pro se, seeks leave to file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, a motion seeking liberal construction of his § 2255 petition as he is proceeding pro se, and an addendum to his motions. Upon consideration of the motions, the addendum, the entire record herein, and the applicable law, the Court will DENY petitioner leave to file the motions and the addendum.

On June 16, 2005, petitioner filed a petition for a writ of habeas corpus challenging his conviction in this case. Judge Friedman denied that petition. *Cunningham v. U.S.*, No. 05-1200, 2005 WL 1903374, *1 (D.D.C. July 19, 2005). Petitioner appealed, and the Court of Appeals affirmed Judge Friedman's decision. On June 27, 2007, petitioner filed a "Petition for writ habeas corpus [sic] invoking Fed. R. Civ. P. 60(b)(4)(6) and Fed. R. Civ. P. 54(b) Memorandum Opionion [sic] Order is void." Judge Friedman construed the filing as a second habeas petition rather than a motion for relief pursuant to Rule 60(b). Accordingly, Judge Friedman properly transferred the petition to the Court of Appeals for its consideration.

On September 27, 2010, Cunningham filed a third petition to correct, set aside, or vacate his sentence under 28 U.S.C. § 2255. ECF No. 21. As this Court lacks jurisdiction over successive § 2255 petitions absent certification from the U.S. Court of Appeals for the District of Columbia Circuit, this Court transferred Cunningham's petition to the Circuit Court for consideration. Order, Dec. 16, 2010, ECF No. 22. Cunningham now seeks leave to file his fourth motion under § 2255, which this Court received on May 13, 2013, and an addendum to that motion, which this Court received on June 14, 2013.

A second or successive § 2255 motion must be certified by the D.C. Circuit before this Court can reach the merits of the claim. 28 U.S.C. §§ 2244(b)(3); 2255(h). Thus, because Cunningham has not sought certification in the D.C. Circuit, this Court lacks jurisdiction to address his claim. *See Harris v. United States*, 522 F. Supp. 2d 199, 203 (D.D.C. 2007); *United States v. Akers*, 519 F. Supp. 2d 94, 96 (D.D.C. 2007).

Under 28 U.S.C. § 1631, the Court may, "in the interest of justice" transfer Cunningham's petition to the D.C. Circuit for authorization to file a successive § 2255 motion. However, the Court declines to do so here as Cunningham's motion is completely without merit. Section 2255(h) requires a petitioner seeking leave to file a successive § 2255 petition to show either (1) "new evidence . . . sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Cunningham fails under both standards because he brings forward no new evidence and presents only changes in the District of Columbia's law, rather than any new rule of

constitutional law. To transfer this motion would be futile for the defendant and a waste of the scarce resources of the Court of Appeals.

Accordingly, it is hereby

**ORDERED** that leave to file the two motions and the accompanying addendum is **DENIED**.

**SO ORDERED** this 25th day of July 2013.

_____
ROYCE C. LAMBERTH
Chief Judge
United States District Court