**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

FILED
DEC 18 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>EUGENE J. CUNNINGHAM,<br><br>Defendant/Petitioner. | Case No. 72-cr-1328 (RCL) |

## MEMORANDUM OPINION

Pro se defendant/petitioner Eugene J. Cunningham ("Cunningham") seeks a Certificate of Appealability [ECF No. 32] pursuant to 28 U.S.C. § 2244 (2012) to challenge the legality of his conviction and sentence for two counts of felony murder in this Court. Cunningham has also filed a Motion for Reconsideration of this Court's previous denial of his petition attacking his conviction and sentence under § 2255 [Mem. Op. and Order, ECF No. 31], a Motion for Leave to Proceed In Forma Pauperis [ECF No. 33], and a Motion to Compel a Certificate of Appealability [ECF No. 35]. For the following reasons, Cunningham's Motions will be denied.

### I. BACKGROUND

Cunningham was convicted in 1973 for armed robbery and two counts of first degree murder under the District of Columbia's felony murder statute, D.C. Code Ann. § 22-2401 (now D.C. Code Ann. § 22-2101 (2014)). Cunningham is currently serving consecutive sentences of twenty years to life on the murder convictions. On June 16, 2005, Cunningham filed a petition for a writ of habeas corpus challenging his conviction and it was denied. *Cunningham v. United States*, No. 05-1200, 2005 WL 1903374, *1 (D.D.C. July 19, 2005). Cunningham appealed, and the Court of Appeals for the District of Columbia Circuit affirmed this Court's decision. *Cunningham v. United States*, 207 Fed. App'x 5, 5 (2006). Cunningham filed a second habeas

corpus petition on June 27, 2007, and this Court transferred the petition to the Court of Appeals for its consideration.

On September 27, 2010, Cunningham filed a third petition to correct, set aside, or vacate his sentence under 28 U.S.C. § 2255 (2012). Writ of Error, ECF No. 21. Because this Court lacked jurisdiction over Cunningham's successive § 2255 petitions, it transferred the petition to the Court of Appeals for consideration on December 16, 2010. Order, ECF No. 22. In 2013, Cunningham sought to file his fourth motion under § 2255. The Court denied Cunningham's Motion for Leave to File on July 26, 2013 for lack of jurisdiction, and it declined to transfer the case to the Court of Appeals because Cunningham's petition was without merit. Mem. & Order, ECF No. 26. Cunningham filed a Motion for Reconsideration of the Court's decision on August 15, 2013.[1] Mot. for Recons., ECF No. 31. Cunningham then filed a Motion for a Certificate of Appealability, ECF No. 32, and a Motion for Leave to Proceed In Forma Pauperis, ECF No. 33, on June 12, 2014. On November 6, 2014, Cunningham filed a Motion for Compel a Certificate of Appealability. Mot. to Compel, ECF No. 35.

## II. DISCUSSION

A Certificate of Appealability may issue from a panel of the appropriate court of appeals only if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *see* § 2255(h); § 2244(b)(3). Cunningham may make a "substantial showing" if he can "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Mitchell*, 216 F.3d 1126, 1130 (D.C. Cir. 2000).

---

[1] Cunningham's Motion for Reconsideration does not address the Court's jurisdiction over his successive § 2255 motions and does not challenge the basis of the Court's ruling. Instead, Cunningham repeats his previous arguments about ineffective counsel and an intervening change in controlling law. Mot. for Recons. 2–3, 7, ECF No. 31. These two grounds are identical to those raised in Cunningham's fourth motion under § 2255. Thus, the Court will construe the Motion as a new successive habeas filing, and will deny the Motion for lack of jurisdiction.

First, a Certificate of Appealability must be sought from the D.C. Circuit. Cunningham has not sought certification from the D.C. Circuit, and this Court still lacks jurisdiction to address his claims. 28 U.S.C. § 2253(c); *Harris v. United States*, 522 F. Supp. 2d 199, 203 (D.D.C. 2007); Mem. & Order, ECF No. 26.

Second, the Court may, "in the interest of justice," transfer Cunningham's request for a Certificate of Appealability to the D.C. Circuit Court under 28 U.S.C. § 1631 (2012). The Court, however, declines to transfer the matter because Cunningham's arguments are without merit. Cunningham argues that his sentence is "invalid due to a[n] intervening change of law" and "ineffective assistance of appellate counsel." Request for Certificate of Appealability 2, ECF No. 32. Cunningham's request is an attempt to revisit a denial of his claims in prior habeas and § 2255 proceedings. These two arguments were raised in Cunningham's most recent § 2255 filing that the Court denied because they were "completely without merit." Mem. & Order, ECF No. 26. Additionally, in 2006, the D.C. Circuit addressed both of Cunningham's arguments and they were dismissed. *Cunningham*, 207 Fed. App'x at 5. For these reasons, Cunningham's request for a Certificate of Appealability will be denied.

## III.   CONCLUSION

For the foregoing reasons, Cunningham's Motion for Reconsideration [ECF No. 31], Request for Certificate of Appealability [ECF No. 32], Motion for Leave to Proceed In Forma Pauperis [ECF No. 33], and Motion to Compel a Certificate of Appealability [ECF No. 35] will be denied. A separate Order accompanies this Memorandum Opinion.

Signed this ___ day of December 2014.

ROYCE C. LAMBERTH
United States District Court

3